GEORGE B. HOOK et al. *vs.* RICHARD D. CROWE et al.

Penobscot.    Opinion September 27, 1905.

*Contract.   Sales.   Principal and Agent.   When Agent has no Implied Authority to
Bind Principal.   When Undisclosed Principal is Bound.*

1.  A selling agent has no implied authority, which binds the principal, to contract that payment may be made by goods to be sold, or services to be rendered, to him on his own personal account.

2.  Persons dealing with a selling agent, knowing him to be such, are bound to know that he has no such implied authority, and that the principal will not be bound by such terms of payment.  If a purchaser makes such an unauthorized agreement as to the payment with an agent, and receives the goods, he becomes liable to pay in cash.

3.  But if the purchaser in dealing with the agent believes him to be a principal, the undisclosed principal must take the contract, if he seeks to enforce it, as his agent and the purchaser left it.  If he seeks the advantages of the contract, he must suffer its burdens.  He must take his pay as the agent agreed to take it.

4.  The facts stated in this case are not sufficient to warrant the finding necessarily involved in the ruling in the court below, that the defendants when they purchased the goods, the price of which is sued for, had knowledge that the plaintiffs' agent to whom they gave the order was an agent and not a principal.

*Billings* v. *Mason*, 80 Maine, 496, distinguished.

On exceptions by defendants.  Sustained.

Assumpsit on account annexed to recover the price of awnings and a sash curtain sold and delivered by the plaintiffs to the defendants. The action was brought in the Bangor Municipal Court and was submitted on an agreed statement of facts.  Upon this agreed statement of facts, the Judge of that court ruled, pro forma, that the plaintiffs were entitled to recover, and to this ruling the defendants excepted.  Thereupon in accordance with the provisions of chapter 211, section 6, Public Laws of 1895, the agreed statement of facts was certified to the Law Court.

The case is sufficiently stated in the opinion.

*Thomas W. Vose*, for plaintiffs.

*Forrest J. Martin and H. M. Cook* for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, PEABODY, JJ.

SAVAGE, J. Action to recover the price of two awnings and one sash curtain, sold and delivered by the plaintiffs to the defendants. The agreed statement of facts shows that one Harry F. Hook, the selling agent of the plaintiffs, applied to the defendants for an order and that the defendants gave an order for the articles mentioned on condition that he, Harry F. Hook, would take the pay therefor in clothing and work out of defendants' store, which he agreed to do. On the same day Hook delivered to the plaintiffs an unsigned order for the awnings upon one of their printed blanks. The goods were shipped to the defendants seven days later, and by them received. A bill for the same was sent to them by mail the same day. The plaintiffs took the order from their agent Hook without knowledge of the agreement which he had made with the defendants in regard to the manner of payment, and without notice or suggestion of payment otherwise than in cash as usual. On the day the original order was given, the agent, Hook, had work done by the defendants to the amount of $1.50, and nearly a month later he had clothing of them to the amount of $8.50, all in accordance with his agreement with them when they gave the order for the awnings. The defendants now seek to have these items allowed against the bill sued by the plaintiff. The court below gave judgment for the plaintiffs for the full amount of their bill, and the defendants took exceptions.

The case hinges upon whether the defendants at the time they gave the order, knew that Hook was acting as agent for the plaintiffs, or whether they believed him to be a principal. For whatever may be the implied authority of selling agents to make terms and provision for payment, and however far principals are bound generally by the conditions their agents agree to, we think it cannot be gainsaid that an agent has no implied authority, which binds the principal, to contract that payment may be made by goods to be sold, or services to be rendered, to him on his own personal account. The doctrine laid down in *Parsons* v. *Webb*, 8 Maine, 38, and also *Rodick* v. *Coburn*, 68 Maine, 170, is analogous and not

distinguishable in principle.    Persons dealing with an agent, knowing him to be such, are bound to know that he has no such implied authority.    If they deal with him upon such terms, they are bound to know that the principal will not be bound, unless he ratifies. Accordingly if these defendants made such an unauthorized agreement with the agent, knowing him. to be such, and, nevertheless, received the goods ordered, they should pay for them.    Although the contract with the agent was express, it was invalid as to manner of payment.    If under such circumstances the defendants chose to receive the goods, they affirmed the order itself, and became liable to pay in cash.    In this respect this case is to be distinguished from *Billings* v. *Mason*, 80 Maine, 496.

On the other hand, if the defendants dealt with Hook, the agent, believing him to be a principal, the plaintiffs, who were undisclosed principals, must take the contract, if they seek to enforce it, as their agent and the defendants left it.    If they seek the advantages of the contract, they must suffer its burdens, and must allow the defendants by way of payment for the goods sold and services rendered to the agent.

As to whether or not the defendants knew Hook was acting as agent, the agreed statement of facts is vague and uncertain.    It is true that Hook delivered to the plaintiffs a written, but unsigned, order.    It is true that that order discloses on its face that the plaintiffs were the principals, and therefore that Hook was only an agent. But it does not appear satisfactorily, and we cannot find that the defendants saw the written order or knew its contents, or that they were in any way informed that Hook was an agent and not a principal.    The case states that the defendant "did give the order sued for."    But no order is "sued for."    The suit is for the price of goods ordered.    And unquestionably the defendants did give an order for the goods.    The question is whether they gave the order which Hook delivered to the plaintiffs, and so were advised of its contents, and that plaintiffs were the principals.    We think the plaintiffs' case, on this point, fails for want of proof.

The ruling of the court below, being in effect to the contrary, cannot be sustained.

*Exceptions sustained.*